UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                             :
CORRI DITTIMUS-BEY,          :
                             :        Civil Action
          Plaintiff,         :        No. 05-4707 (JBS)
                             :
     v.                      :
                             :        O P I N I O N
JOSEPH GOLDEN, et al.        :
                             :
          Defendants.        :
_____:
```

CORRI DITTIMUS-BEY, #513958/855986B, Plaintiff <u>Pro Se</u>
Southern State Correctional Facility
P.O. Box 150
Delmont, New Jersey 08314

<u>SIMANDLE, DISTRICT JUDGE</u>

Plaintiff Corri Dittimus-Bey ("Dittimus-Bey"), a prisoner confined at the Southern State Correctional Facility in Delmont, New Jersey ("Southern State"), seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915 (1998).  Based upon his affidavit of indigence and prison account statement, this Court will (1) grant Plaintiff's application to proceed <u>in forma pauperis</u>; (2) direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against Plaintiff;(4) direct the New Jersey Department of Corrections ('DOC") to deduct an initial partial filing fee payment of $2.23 from Plaintiff's prison account and forward same to the Clerk of the Court, when funds exist in Plaintiff's

account; and (5) direct the DOC to forward payments from Plaintiff's institutional account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the $150.00 filing fee is paid in full, regardless of the outcome of the litigation.  See 28 U.S.C. §1915 (a), (b) (1), (b) (2), (b) (4).

Pursuant to 28 U.S.C. §§ 1915 (e) (2) and 1915A, the Court has reviewed the Complaint to identify cognizable claims.  The Court will afford Plaintiff 45 days in which to file an Amended Complaint against Defendants Goff and Beebe, and will dismiss the remainder of the Complaint without prejudice with respect to the remaining Defendants.

## I.  BACKGROUND

Plaintiff alleges violations of his rights secured by the Constitution and laws of the United States in an action brought under 42 U.S.C. § 1983.[1]  Defendants are Joseph Golden, Director of the office of Interstate Services; Allen Scott, Supervisor of

---

[1]     42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

the New Jersey Department of Parole; John Cordner, a parole
officer; Devon Brown, Commissioner of the New Jersey Department
of Corrections; George Robinson, Administrator of Southern State;
Mr. Mariani and Mr. Torrez, parole supervisors; Pearl Cisrow, a
social worker at Southern State; Romeo, a supervisor of social
workers at Southern State; Ms. Gruccio, a law librarian at
Southern State; Mr. Goff, a corrections officer; Bruce Hauck,
Warden of the Central Reception and Assignment Facility ("CRAF");
Bruce Tarin, Assistant Ombudsman at Southern State; Irvin J.
Snyder, a New Jersey Superior Court Judge; and Mr. Beebe, a
member of the Classification Board at Southern State.
(Complaint, Parties.)

        Plaintiff asserts the following facts: On October 12, 2004,
he was sentenced in New Jersey Superior Court, Camden County, to
3 year concurrent terms of imprisonment for receiving stolen
property, and for violation of parole regarding an earlier New
Jersey case; these sentences allegedly were to run concurrently
with a term of imprisonment for parole violation in Colorado, all
sentences to to be served in Colorado.  (Compl., Para. 6,
Statement of Claims.) Plaintiff was returned to Colorado and
allegedly was notified that he was scheduled for a parole hearing
on his New Jersey sentences, which was to be held on June 10,
2005, while Plaintiff was incarcerated in Colorado.  (Id.)
Plaintiff asserts that he was granted parole, and after

consultation between New Jersey and Colorado authorities, allegedly assigned a release date of June 15, 2005, with respect to his Colorado sentence and July 22, with respect to his New Jersey sentence.  (Id.)  On the release date of his Colorado sentence, Plaintiff was returned to New Jersey; by July 5, he was transported to the Central Reception and Assignment Facility in Trenton.  (Id.)  According to Plaintiff, he was visited by New Jersey parole personnel and told that some mistake had been made. (Id.) After signing more paperwork, Plaintiff was allegedly told that he would be released from CRAF on July 22, but was instead transferred to Southern State on July 21.  (Id.)  Plaintiff continues that after speaking with parole personnel, "it was found an administrative hold had been placed on my release date pending re-acceptance by Colorado Authorities." (Id.)  Plaintiff previously asserted that "it was stated [in Colorado parole proceedings] by New Jersey that no holds or detainers were filed prior to the hearing nor would they be." (Id.)  Plaintiff allegedly "tried to explain and show documentation of the acceptance to the personnel and was ignored. (Id.)  According to Plaintiff, on that same date he sent a letter to Judge Snyder explaining his situation, but was told that Defendant Snyder had no authority to determine where he would be imprisoned after sentencing.  (Id.)  Plaintiff also sent letters to Defendants Brown, Golden, Scott, and Cordner, receiving no responses.  (Id.)

4

Plaintiff also contacted Defendants Robinson, Torrez, Hauck, and
Tarin.  (<u>Id</u>.)  Plaintiff also argues that Defendant Beebe refused
to favorably change his prison classification based upon "a
suspected violation of parole from Colorado." (<u>Id</u>.)  Plaintiff
unsuccessfully attempted to show that some mistake had been made,
but his classification was not changed.  (<u>Id</u>.)  When Plaintiff,
in an administrative remedy form, advised Defendant Marini that
he was going to take court action, he was called to Marini's
office and told that he would be helped with respect to the
situation.  (<u>Id</u>.)  Marini allegedly made arrangements with
Defendant Cisrow, the case manager, to contact Colorado
authorities, but allegedly Cisrow later refused to help
Plaintiff.  (<u>Id</u>.)

Plaintiff continues that on or about August 25, 2005, he was
ordered to go to the staff building, where Defendant Goff
allegedly threatened to retaliate against him if he went ahead
with a court action.  (Compl., Statement of Claims.)  Plaintiff
then went to speak to Defendant Romero, a social worker
supervisor, but received no help.  (<u>Id</u>.)  Plaintiff adds that
Defendant Gruccio refused to give him manilla envelopes for
assistance in his action, saying they must be purchased at the
canteen.  (<u>Id</u>.)  Plaintiff again was allegedly denied a more
favorable prison classification on September 7, 2005, which
Plaintiff says deprived him of the benefit of remedial programs

5

open to those with a lesser classification status.  (Id.)
Plaintiff seeks the overturning of his New Jersey convictions and
damages.  (Id.)


## II.  DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§
801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires
the Court, prior to docketing or as soon as practicable after
docketing, to review a complaint in a civil action in which a
prisoner is proceeding in forma pauperis or seeks redress against
a governmental entity or employee.  28 U.S.C. §§ 1915(e)(2)(B);
1915A.  The Act requires the Court to identify cognizable claims
and to dismiss any claim that is frivolous, malicious, fails to
state a claim upon which relief may be granted, or seeks monetary
relief from a Defendant who is immune from such relief.
(Id.)


A.  Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and
plain statement of the claim showing that the pleader is entitled
to relief."  Fed. R. Civ. P. 8 (a) (2); accord Leatherman v.
Tarrant County Narcotics Intelligence and Coordination Unit, 507
U.S. 163, 168 (1993).  The Court "must determine whether, under
any reasonable reading of the pleadings, the plaintiff[] may be

entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder). "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower

7

Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also
Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th
Cir. 1993) ("[C]onclusory allegations or legal conclusions
masquerading as factual conclusions will not suffice to prevent a
motion to dismiss.").  "When it appears beyond doubt that no
relief could be granted under any set of facts which could be
proved consistent with the allegations of the complaint, a
dismissal pursuant to Rule 12(b)(6) is proper."  Robinson v.
Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v.
Gibson, 355 U.S. 41, 45-46 (1957)).

     To establish a violation of 42 U.S.C. § 1983, the Plaintiff
must demonstrate that the challenged conduct was committed by a
person acting under color of state law and that the conduct
deprived him of rights, privileges, or immunities secured by the
Constitution or laws of the United States.   See West v. Atkins,
487 U.S. 42, 48-49 (1988); Parratt v. Taylor, 451 U.S. 527, 535
(1981), overruled in part on other grounds by Daniels v.
Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398
U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250,
1255-56 (3d Cir. 1994);  Shaw v. Strackhouse, 920 F.2d 1135,
1141-42 (3d Cir. 1990).  Section 1983 does not confer substantive
rights, but provides a remedy for the deprivation of rights
protected by federal law.  Oklahoma City v. Tuttle, 471 U.S. 808,

816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of
Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

    Plaintiff also must assert and prove some causal connection
between a Defendant and the alleged wrongdoing in order to
recover against that Defendant.  See Mt. Healthy City Sch. Dist.
Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v.
New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-
02 (D.N.J. 1997).  "A defendant in a civil rights action must
have personal involvement in the alleged wrongs; liability cannot
be predicated solely on the operation of respondeat superior."
Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing
Parratt, 451 U.S. at 537 n.3).  Causal connection is shown where
a Defendant (1) participated in violating Plaintiff's rights; (2)
directed others to violate them; (3) as the person in charge, had
knowledge of and acquiesced in his subordinates' violations; or
(4) tolerated past or ongoing misbehavior.  Friedland v. Fauver,
6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe
Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)).

    The Court will construe the Complaint as raising the claims
of violation of te Interstate Agreement on Detainers and the
Fifth, Sixth, Eighth, and Fourteen Amendments to the
Constitution.  The Court will now analyze Plaintiff's claim to
determine whether dismissal pursuant to 28 U.S.C. §§
1915(e)(2)(B) and 1915A is warranted.

B.  Claim Asserted in the Petition.

Plaintiff's claims for damages regarding the his New jersey imprisonment are barred by the rule in <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), since such claims necessarily implicate the validity of the outstanding parole decision, which has not been shown to have been invalidated. <u>Poole v. D.O.C.</u> 153 Fed.Appx. 816, 818 (3d ir. 2005) (Due process claims for damages regarding the denial of parole are barred by the rule in <u>Heck</u>, if the success of a § 1983 damages suit "would necessarily imply the invalidity of [a] conviction or sentence," a claim is cognizable only if the plaintiff can prove that the conviction or sentence has been reversed, invalidated, or called into question by a grant of federal habeas corpus relief). Plaintiff's claims relating to the integrity of the parole decisions necessarily implicates the validity of the those decisions, and he has not shown that the decision has been invalidated.[2]

---

[2]  The Court also notes that Plaintiff may not raise a cognizable claim of violation of the Interstate Agreement on Detainers in the case of a parole claim.  <u>See, e.g.</u> <u>Carchman v. Nash</u>, 473 U.S. 716, 727-28 (1985)(Interstate Agreement on Detainers does not apply to probation and parole violation detainers); <u>Moody v. Daggett</u>, 429 U.S. 78 (1976) (no constitutional entitlement to immediate parole revocation hearing where a parole violator warrant was issued and lodged with the confining institution as a detainer).

Plaintiff also asks this Court to overturn his two New Jersey convictions because of the aforesaid violations.  Because this claim challenges the duration of Plaintiff's imprisonment, Plaintiff's exclusive federal remedy is a petition for a writ of habeas corpus, which requires the exhaustion of state court remedies.  Preiser v. Rodriquez, 411 U.S. 471, 500 (1973) (sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus); Brown v. Fauver, 819 F.2d 395, 397 (3d Cir. 1987) (inmate's action seeking restoration of good-time credits essentially sought habeas corpus relief, and could not be brought before inmate had first exhausted state remedies, citing Preiser).[3]  Plaintiff's claim for immediate release will be dismissed because it is not cognizable under 42 U.S.C. § 1983.[4]  See also Benson v. New Jersey State Parole Board, 947 F.Supp. 827 (D.N.J. 1996) (challenge to outcome of parole decision is not cognizable under § 1983).[5]  Plaintiff may wish to file a Petition for a Writ of

---

[3] Decisions of the New Jersey State Parole Board are reviewable as of right in the Appellate Division of the New Jersey Superior Court pursuant to N.J. Ct. R. 2:2-3 (a) (2). Benson v. New Jersey State Parole Bd., 947 F.Supp. 827, 831 (D.N.J. 1996).

[4] If Plaintiff desires to pursue this claim before this Court, he may do so by filing a petition for habeas corpus after he has exhausted his state court remedies.  Brown, 819 F.2d at 397.

[5] Finally, review of the Complaint permits no more than an inference of negligence or respondeat superior liability against

11

Habeas Corpus under 28 U.S.C. § 2254 after exhausting his state post-conviction relief remedies in his criminal case.

Concerning Plaintiff's claim against Defendant Beebe, the Due Process Clause applies when government action deprives a person of liberty or property.  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Liberty interests protected by the Due Process Clause may arise from the Due Process Clause itself or from the laws of the states.  Sandin v. Connor, 515 U.S. 472,483-84 (1995); Hewitt v. Helms, 459 U.S. 460, 466-67 and n. 4 (1983).  "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  Montanye v. Haymes, 427 U.S. 236, 242 (19760; see also Vitek v. Jones, 445 U.S. 480, 493 (1980).  For example, an inmate such as Dittimus-Bey has no liberty interest arising by force of the Due process Clause itself in participating in rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976), retaining minimum custody status, Meachum v. Fano, 427 U.S. 215, 223-25 (1976), or being

---

any other Defendant; neither claim is actionable under 42 U.S.C. § 1983.  See Butler v. Snyder, 106 F. Supp.2d 589 (D. Del. 2000); Rode, supra.

released on parole prior to the expiration of his sentence,
Greenholtz, 442 U.S. at 7.

A state may also create a liberty interest that is
protected by due process.  Sandin, 515 U.S. at 483-84;
Greenholtz, 442 U.S. at 8-12.  Under Sandin, a state-created
liberty interest is limited to situations where deprivation of
that interest "imposes atypical and significant hardship on the
inmate in relation to the ordinary incidents of prison life."
Sandin, 515 U.S. at 484; see also Griffin v. Vaughn, 112 F.3d
703, 706 (3d Cir. 1997).  Plaintiff is unclear as to which, if
any New Jersey statutes and/or regulations he is relying on to
establish a state-created liberty interest.  Accordingly, the
Court will grant Plaintiff 45 days leave in which to file a more
specific claim as to this issue.  His Amended Complaint must be
filed within 45 days of the entry of this Opinion and Order, and
it must be far more specific in identifying the New Jersey laws
upon which he relies and the specific way that each remaining
defendant breached his interests created by those laws.

With respect to Plaintiff's claim against Defendant Goff,
it has long been established that the First Amendment bars
retaliation for protected speech.  See Crawford-El v. Britton,
523 U.S. 574, 592 (1998); Milhouse v. Carlson, 652 F.2d 371,
373-74 (3d Cir. 1981).  "Retaliation for the exercise of
constitutionally protected rights is itself a violation of
rights secured by the Constitution actionable under section

13

1983." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990).
Proof of a retaliation claim requires that Plaintiff demonstrate
(1) he engaged in protected activity; (2) he was subjected to
adverse actions by a state actor; and (3) the protected activity
was a substantial motivating factor in the state actor's
decision to take adverse action. Anderson v. Davila, 125 F.3d
148, 160 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd.
of Educ. v. Doyle, 429 U.S. 274 (1977)).   Plaintiff at this
time has not stated a claim of retaliation  for his exercise of
a First Amendment right, as he has not articulated whether he
was in fact subjected to adverse actions by Goff because of his
activity in this matter.  As Goff's alleged actions, if true, do
not necessarily impugn the validity of Plaintiff's incarceration
under Heck, this Court will afford Plaintiff 45 days in which to
file an Amended Complaint sufficient to state a cognizable claim
against this Defendant.  Again, if Plaintiff wishes to pursue
this First Amendment claim, his Amended Complaint, to be filed
within 45 days, must specify how Defendant Goff retaliated
against him because of protected speech, and the harm caused to
him by that retaliation.  Otherwise, this claim will be
dismissed as insufficient as a matter of law.

### III.  CONCLUSION

Based on the foregoing, the Court will afford Plaintiff 45
days in which to file an Amended Complaint against Defendants

14

Goff and Beebe, and otherwise dismiss the Complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  This dismissal is also without prejudice to Plaintiff's right, after exhausting State posrt-conviction remedies, to seek habeas corpus relief under 28 U.S.C. § 2254.

An appropriate Order accompanies this Opinion.


**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge


DATED:  **March 1, 2006**